**DONG FANG ZHENG, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE & Attorney General Alberto R. Gonzales,\* Respondents.**

**No. 04–4729.**

United States Court of Appeals, Second Circuit.

Feb. 13, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Khaghendra Gharti–Chhetry, New York, New York, for Petitioner.

John Gough, Assistant United States Attorneys, Oxford, Mississippi, and Edward McElroy, Assistant United States Attorney, New York, New York, for Respondent.

PRESENT: ROSEMARY S. POOLER, B.D. PARKER, Circuit Judges, and WILLIAM H. PAULEY III, District Judge.**

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this order.

We review the IJ's decision where, as in petitioner's case, the BIA summarily affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review an IJ's factual findings under the substantial evidence standard, according to which the IJ's " 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.' " *Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*) (quoting 8 U.S.C. § 1252(b)(4)(B)). However, "in order to merit substantial evidence deference, '[t]he [IJ] must give specific, cogent reasons for rejecting the petitioner's testimony,' and an adverse credibility determination may not be based upon speculation or upon an incorrect analysis of testimony." *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400 (2d Cir.2005) (quoting *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004)). In addition, "we will limit our review ... to the reasons [he] actually articulates" because "[t]o assume a hypothetical basis for the IJ's determination, even one based in the record, would usurp [his] role." *Id.* (citing *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003)). Where the IJ or BIA has committed legal errors, we will remand unless, based on the reasons articulated by the IJ, "there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion." *Id.* at 401.

This Court held in *Zhang v. INS*, 386 F.3d 66 (2d Cir.2004), that in cases of adverse credibility findings, the question for this Court to consider is whether "the IJ provided specific, cogent reasons for the adverse credibility finding and whether those reasons bear a legitimate nexus to the finding. In short, our review is meant to insure that credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice." *Id.* at 74 (citations omitted). And in *Chun Gao v. Gonzales*, 424 F.3d 122 (2d Cir.2005), this Court remanded an adverse credibility finding where some of the IJ's bases lacked support of substantial evidence or were predicated upon an inac-

---

** The Honorable William H. Pauley III, Judge of the United States District Court for the Southern District of New York, sitting by designation.

curate perception of the record. *Id.* at 132. Here, the IJ's bases lacked support of substantial evidence because they were based upon speculation and predicated upon an inaccurate perception of the record.

First, Zheng provided important and relevant evidence that the IJ does not discuss in his oral decision, including a letter from her mother, a letter from a friend, her daughter's birth certificate, her household ID card, a marriage certificate, medical records, wedding photographs, and photographs of her home. Moreover, petitioner described both the IUD insertion and abortion in very graphic, vivid, and detailed terms.

Second, the IJ's decision was largely based on the contradictions with her husband's alleged application. The IJ reports no findings as to the authentication of the application. The IJ does not entertain the possibility that the husband, and not the wife, lied on his application. The IJ demonstrates no knowledge about the reliability of the husband's application or the process behind the drafting of the application. And petitioner had no real opportunity to cross-examine her husband or explain the discrepancies. Standing alone, there is no indicia of reliability to her husband's application that could allow this Court to deny petitioner's asylum claim.

Third, the IJ's decision was based, in part, on inappropriate speculation. For instance, the IJ explained, "[t]he Court does not know what the ultimate reality is here, but it believes it plausible that both the respondent and her husband came to the United States at an earlier date. They both knew the other was here, of course, but both stated reasons in these proceedings for saying that they did not know the whereabouts of the other or that the other

had returned to China." There is nothing in the record to support this speculation.

Because we remand on the IJ's lack of substantial evidence, we do not reach the question of whether petitioner's objection to the document was waived.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this order. Because we have completed our proceedings, the motion for stay of deportation is DENIED.